SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
MARIANA MOTA and HECTOR J. MOTA

      Plaintiff(s),

-against-

ARMELLINI EXPRESS LINES and DANIEL W. HUE

      Defendant(s)
-----------------------------------------------------------------x

Index:

Plaintiff designates
Bronx County as place for trial

# 𝕾𝖀𝕸𝕸𝕺𝕹𝕾

The basis of venue:
Plaintiff Address
69 West 225 Street
Bronx, NY 10463

**𝖄𝖔𝖚 𝖆𝖗𝖊 𝖍𝖊𝖗𝖊𝖇𝖞 𝖘𝖚𝖒𝖒𝖔𝖓𝖊𝖉** to answer the Complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York), and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
   August 3, 2021

Yours, etc.

OMRANI & TAUB, P.C.
By: Michael Taub, Esq.
*Attorney(s) for the Plaintiff*
488 Madison Ave, 20th Floor
New York, New York 10022
(212) 599-5550

Defendants' addresses:
ARMELLINI EXPRESS LINES
3446 SW Armellini Ave
Palm City, FL 34990
(via Secretary of State)

DANIEL W. HUE
1102 Bahama Bend
Coconut Creek, FL 33066
(via Secretary of State)

**PROMPTLY FORWARD THIS DOCUMENT TO YOUR INSURANCE COMPANY:**
Coltingham & Butler, Inc. 800 Main St. Dubuque, IA 52001 Claim #: TRF21003954-002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------x
HECTOR J. MOTA and MARIANA MOTA                Index No.:

                        Plaintiff(s),

        -against-                              **VERIFIED COMPLAINT**

ARMELLINI EXPRESS LINES and DANIEL W. HUE

                        Defendant(s).
----------------------------------------------------------------x

Plaintiffs, by and through attorneys, OMRANI & TAUB, P.C., complaining of the defendants herein, respectfully alleges, upon information and belief, as follows:

1. That at all times relevant herein, the Plaintiff, MARIANA MOTA, was and still is a resident of the County of Bronx, State of New York.

2. That on or about the 19th day of March, 2021 and at all times relevant herein, the defendant, ARMELLINI EXPRESS LINES was the registered owner of a certain motor vehicle bearing Florida license plate registration number JBO2IS, for the year 2021.

3. That on or about the 19th day of March, 2021 and at all times relevant herein, the defendant, ARMELLINI EXPRESS LINES, was the titled owner of the aforesaid motor vehicle bearing Florida license plate registration number JBO2IS for the year 2021.

4. That at all times relevant herein, the defendant ARMELLINI EXPRESS LINES, its agent, servant and/or employee, was the operator of the aforementioned motor vehicle bearing Florida license plate number JBO2IS.

5. That at all times relevant herein, the defendant ARMELLINI EXPRESS LINES maintained the aforementioned motor vehicle bearing Florida license plate number JBO2IS.

6. That at all times relevant herein, the defendant, ARMELLINI EXPRESS LINES, managed and controlled the aforementioned motor vehicle bearing Florida license plate number JBO2IS.

7. That on or about the 19th day of March 2021, and at all times relevant herein, the defendant, DANIEL W. HUE, was the operator of the aforementioned motor vehicle bearing Florida license plate number JBO2IS.

8. That at all times relevant herein, the defendant, DANIEL W. HUE, was the operator of the aforementioned motor vehicle bearing Florida license plate number JBO2IS with the knowledge, permission and consent, expressed and/or implied, of the defendant, ARMELLINI EXPRESS LINES.

9. That at all times relevant herein, the defendant, DANIEL W. HUE, was the operator of the aforementioned motor vehicle bearing Florida license plate number JBO2IS within the course and scope of employment for the defendant.

10. That at all times relevant herein, the defendant, DANIEL W. HUE, was the operator of the aforementioned motor vehicle bearing Florida license plate number JBO2IS within the course and scope of employment for the defendant, ARMELLINI EXPRESS LINES.

11. That on or about the 19th day of March 2021, and at all times relevant herein, the plaintiff, MARIANA MOTA, was the passenger of a certain motor vehicle bearing New York State license plate number FTK1471 for the year 2021

12. That at all times relevant herein, the roadway commonly known and identified as Bruckner Boulevard at or about its intersection with White Plains Road, in the County of Bronx, State of New York, was and remains a public thoroughfare.

13. That on or about the 19th day of March, 2021, at or about the aforesaid location, the aforesaid motor vehicle bearing New York State license plate FTK1471 and the aforesaid motor vehicle bearing Florida license plate JBO2IS came into contact.

### AND AS FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats, reiterates and re alleges each and every allegation set forth in the paragraphs of this Complaint marked and designated as "1" through "13" with the same force and effect as though the same were set forth herein at length.

15. That as a result of said contact, the plaintiff, MARIANA MOTA, was caused to be seriously injured, and to sustain painful, permanent, and disabling personal injuries requiring medical care and treatment.

16. That said contact and the resulting injuries was caused by the negligence, carelessness and/or recklessness of the defendants herein, and without any negligence on the part of the plaintiff(s) contributing thereto.

17. That as a result of the foregoing, the plaintiff, MARIANA MOTA, sustained a Serious Injury as defined by Section §5102 of the Insurance Law of the State of New York.

18. That as a result of the foregoing, the plaintiff, MARIANA MOTA, sustained a loss greater than Basic Economic Loss as defined by Section §5102 of the Insurance Law of the State of New York.

### AND AS FOR A SECOND CAUSE OF ACTION

19. Plaintiff repeats, reiterates and re alleges each and every allegation set forth in the paragraphs of this Complaint marked and designated as "1" through "18" with the same force and effect as though the same were set forth herein at length.

20. That as a result of said contact, the plaintiff, HECTOR J. MOTA, was caused to be seriously injured, and to sustain painful, permanent, and disabling personal injuries requiring medical care and treatment.

21. That said contact and the resulting injuries was caused by the negligence, carelessness and/or recklessness of the defendants herein, and without any negligence on the part of the plaintiff(s) contributing thereto.

22. That as a result of the foregoing, the plaintiff, HECTOR J. MOTA, sustained a Serious Injury as defined by Section §5102 of the Insurance Law of the State of New York.

23. That as a result of the foregoing, the plaintiff, HECTOR J. MOTA, sustained a loss greater than Basic Economic Loss as defined by Section §5102 of the Insurance Law of the State of New York.

24. That by reason of the foregoing, the Plaintiff, HECTOR J. has been damaged, and seeks monetary compensation, in an amount to be determined by the court and/or a jury, in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction over the action.

**W H E R E F O R E**, the plaintiffs demand judgment of the defendants, for an amount to be determined by the court and/or a jury, together with the costs and disbursements of this action.

Dated: New York, New York
August 3, 2021

Yours, etc.

MICHAEL A. TAUB, ESQ.

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF NEW YORK }

Michael Taub, ESQ., being duly sworn, affirms and says that:

He is an attorney duly admitted to practice law in the State of New York and is a member of the firm of OMRANI & TAUB, P.C. in the within action; that he has read the foregoing **Summons and Verified Complaint** and knows the contents thereof, that the same is true to the best of his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes them to be true.

The reason this verification is not made by the plaintiffs is that plaintiffs reside and are located outside the county wherein he maintains his Principal office.

The source of deponent's information and the grounds for his belief, as to those matters stated upon information and belief, are statements furnished to deponent by plaintiff, personal investigation of this matter and from records in deponent's file.

I affirm the foregoing statements to be true under the penalties of perjury.

Dated: New York, New York
       August 3, 2021

MICHAEL A. TAUB, ESQ.