USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/2/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIANA MOTA and HECTOR J. MOTA,

                Plaintiffs,

-against-

ARMELLINI EXPRESS LINES and DANIEL W. HUE,

                Defendants.

22 Civ. 2807 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

       Plaintiffs Mariana Mota and Hector J. Mota initiated an action for damages in Supreme Court, Bronx County, against Defendants Armellini Express Lines ("Armellini") and Daniel W. Hue, alleging that, on March 19, 2021, Plaintiffs were injured when Hue's vehicle collided with Plaintiffs' vehicle in the Bronx. Compl. ¶¶ 2, 7–9, 11, 13, 15–16, ECF No. 1-1. On April 5, 2022, Defendants filed a notice of removal ("Notice of Removal" or "Notice"). Notice of Removal, ECF No. 1. Now before the Court is Plaintiffs' motion to remand, ECF No. 16; *see also* ECF No. 9, and request for an award of attorney's fees and costs for improper removal, Pl. Mem. at 4, ECF No. 17. For the reasons stated below, Plaintiffs' motion to remand and request for attorney's fees are DENIED.

## BACKGROUND

       On March 19, 2021, Hue, in the course of his employment with Armellini, was operating a vehicle owned by Armellini and registered in Florida. Compl. ¶¶ 2–10; Answer ¶ 2, ECF No. 4. Plaintiffs allege that, on the same day, Mariana Mota, a New York resident, was a passenger in a vehicle registered in New York, which came into contact with the vehicle driven by Hue at the intersection of Bruckner Boulevard and White Plains Road in the Bronx, resulting in Plaintiffs suffering serious injury. Compl. ¶¶ 1, 11–13, 15, 17, 20, 22. Plaintiffs allege that the

collision was the result of Defendants' negligence, carelessness, and/or recklessness. *Id.* ¶¶ 16, 21.

On August 5, 2021, Plaintiffs filed suit against Defendants in Supreme Court, Bronx County. Compl. The complaint does not specify the amount of damages sought. *Id.* On August 12, 2021, Defendants served on Plaintiffs a demand for *ad damnum*. Notice of Removal ¶ 10; ECF No. 1-3. Defendants state that Hue received a summons and complaint on September 18, 2021, and that Armellini never received a summons and complaint. Notice of Removal ¶¶ 3–4. On September 24, 2021, Defendants filed an answer to the state court action. *Id.* ¶ 2; ECF No. 1-2. On March 11, 2022, Plaintiffs served a response to Defendants' demand for *ad damnum*, stating that the damages sought in this action total $2,000,000. Notice of Removal ¶ 11; ECF No. 1-4. On April 5, 2022, Defendants removed the action to the United States District Court for the Southern District of New York. Notice of Removal. Defendants claim that this Court has subject matter jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a)(1), because Plaintiffs are New York residents, Defendants are Florida residents, and the amount in controversy exceeds $75,000. Notice of Removal ¶¶ 6–8, 11; Compl. ¶ 1; ECF No. 1-4.

On June 29, 2022, Plaintiffs filed a motion for remand pursuant to 28 U.S.C. §§ 1446(b) and 1447(c). ECF No. 16. Plaintiffs contend that Defendants' Notice was untimely. Pl. Mem. at 2. Plaintiffs also move for an award of attorneys' fees and costs for improper removal pursuant to 28 U.S.C. § 1447(c). Pl. Mem. at 4.

## DISCUSSION

I. <u>Legal Standard</u>

A defendant may remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district

2

courts have original jurisdiction under 28 U.S.C. § 1332 if the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "The removing party bears the burden of establishing that removal is proper." *Wimbledon Fin. Master Fund, Ltd. v. Sage Grp. Consulting Inc.*, No. 17 Civ. 6563, 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017). The removing party must provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

A notice of removal of a civil action generally must be filed within thirty days of receipt by the defendant of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). If there are multiple defendants, each defendant has thirty days after receipt of or service on that defendant of the initial pleading, within which to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). If defendants are served at different times and a later-served defendant files a notice of removal, an earlier-served defendant may consent to removal even if that defendant did not previously initiate or consent to removal. 28 U.S.C. § 1446(b)(2)(C).

If a case stated by the initial pleading is not removable, then a defendant may file a notice of removal within thirty days after receipt by the defendant of a copy of an amended pleading or other paper from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b)(3); *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) ("If removability is not apparent from the allegations of an initial pleading or subsequent document, the [thirty]-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered."). If a case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in § 1332(a), information relating to the amount in controversy in the record of the state proceeding shall be treated as "other paper" from which it may be ascertained that the case is removable, under § 1446(b)(3). 28 U.S.C. § 1446(c)(3)(A);

*Cutrone*, 749 F.3d at 144 (The removal clock "commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." (quotation marks and citation omitted)); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought.").

II.  Analysis[1]

Defendants' Notice was timely.  Plaintiffs' only argument as to untimeliness is that Defendants filed their Notice nearly eight months after receiving and responding to the state court complaint.  Pl. Mem. at 2–3.  But, the complaint did not contain a damages amount, so the removal clock did not start to run when Defendants received or responded to the complaint.  *See* 28 U.S.C. § 1446(c)(3)(A); *Cutrone*, 749 F.3d at 143.  Rather, the clock started on March 11, 2022, when Plaintiffs responded to Defendants' demand for *ad damnum*, setting forth for the first time the amount of damages Plaintiffs were seeking.  Notice of Removal ¶ 11; ECF No. 1-4.  Defendants filed their Notice on April 5, 2022, within thirty days of the date Defendants received information indicating that the case was removable.

---

[1] Defendants argue that Plaintiffs' motion is untimely.  Def. Aff. ¶¶ 3–10, ECF No. 19.  After removal, a motion to remand on any basis other than lack of subject matter jurisdiction must generally be filed within thirty days of the filing of the notice of removal.  28 U.S.C. § 1447(c).  The Notice was filed on April 5, 2022.  Notice of Removal. On April 12, 2022, the Court ordered Plaintiffs to file their motion for remand by May 10, 2022.  ECF No. 6.  On May 11, 2022, Plaintiffs filed their motion incorrectly, and the Court ordered them to refile by May 26, 2022.  ECF Nos. 7–8.  Plaintiffs again incorrectly filed their motion, ECF No. 9, and the Court directed them to re-file their motion by June 21, 2022, ECF No. 13.  Plaintiffs did not file their motion.  The Court *sua sponte* extended Plaintiffs' deadline to file to July 1, 2022.  ECF No. 14.  Plaintiffs finally properly filed their motion on June 29, 2022.  ECF No. 16.  Plaintiffs missed two deadlines and repeatedly failed to correct the deficiencies in their motion. However, because there may be a presumption against removal jurisdiction, *see Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("We need not here decide whether such a presumption is proper in mine-run diversity cases."), the Court shall address the merits of Plaintiffs' motion.

Defendants' Notice is also procedurally sound. Plaintiffs contend that the Notice "does not contain the requisite statement of jurisdictional fact that the [s]tate [c]ourt [pleading] does not allege an amount in controversy." Pl. Mem. at 3 (quotation marks omitted). But, under New York law, in an action for personal injury, the complaint "shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). A defendant may request a supplemental demand setting forth the amount of damages sought,[2] *id.*, also known as a demand for *ad damnum*, *see, e.g.*, *Domingue v. Costco Wholesale Corp.*, No. 11 Civ. 4571, 2011 WL 4729762, at *1 (E.D.N.Y. Oct. 6, 2011). Defendants' Notice states that Plaintiffs brought a personal injury action in New York state court, that Defendants subsequently served a demand for *ad damnum*, that Plaintiffs responded to that demand on March 11, 2022, and that, "based on [Plaintiffs'] *ad damnum* . . . the matter in controversy is alleged to be in excess of $75,000." Notice of Removal ¶¶ 1, 9–12. Further, as required by § 1446(a), Defendants attached to their Notice a copy of the complaint filed in state court. Compl. It is clear from Defendants' Notice that the complaint did not contain an amount of damages and that such information became available on March 11, 2022.

Finally, Defendants state that this Court has jurisdiction pursuant to §§ 1332 and 1441 because the parties are of diverse citizenship, the amount in controversy exceeds $75,000, and no defendant is a citizen of New York. Notice of Removal ¶¶ 6–8, 13–14. Therefore, Defendants have satisfied the requirement to provide a statement of the grounds for removal.

---

[2] Under New York law, a plaintiff who has received a request for a supplemental demand must respond to that request within fifteen days. N.Y. C.P.L.R. § 3017(c). Plaintiffs responded to Defendants' demand for *ad damnum* 211 days after Defendants' demand, and after Defendants filed a motion to dismiss for lack of discovery. Def. Aff. ¶¶ 18–19; ECF No. 19-3. To the extent Plaintiffs complain of an unfair delay in removal, that delay is a consequence of their own actions.

## CONCLUSION

Accordingly, Plaintiffs' motion to remand is DENIED. Plaintiff's motion for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is also DENIED, because removal was proper.

The Clerk of Court is directed to terminate the motions at ECF Nos. 9 and 16.

SO ORDERED.

Dated: March 2, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge